IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | )  |  |
|---|---|---|
| United States of America ex rel. | ) | |
|   JEREMY TOPPS, | ) | |
|                 Petitioner, | ) | |
| | ) | 12 CV 3028 |
|   v. | ) | |
| | ) | Judge Virginia M. Kendall |
| NEDRA CHANDLER, Warden, | ) | |
|   Dixon Correctional Center, | ) | |
| | ) | |
|                 Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Jeremy Topps ("Topps") is incarcerated at Dixon Correctional Center in Dixon, Illinois, where he is in the custody of Nedra Chandler, ("Chandler"), the warden of that facility. Topps filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Chandler moves to dismiss the petition as untimely and for the reason that three of the four claims asserted in Topps's petition are not cognizable under 28 U.S.C. § 2254(a). For the reasons stated herein, Chandler's Motion to Dismiss is granted.

## BACKGROUND

On January 9, 2003, following a bench trial in the Circuit Court of Cook County, Topps was convicted of aggravated battery with a firearm and aggravated discharge of a firearm. *People v. Topps*, No. 01 CR 31658 (Ex. A, pp. A-175-76) (Court: "[T]here will be a finding of guilty as to the aggravated battery with a firearm. The aggravated discharge of a firearm will merge."). Topps was sentenced to fifteen years of imprisonment followed by three years of mandatory supervised release. (*See id.*, p. B-18). Topps appealed and on November 22, 2004,

1

the Illinois Appellate Court affirmed the trial court's judgment.[1] *People v. Topps*, No. 1-03-2476 (Ill. App. Ct. 2004) (Ex. B, p. 8). Topps states that he filed a Petition for Leave to Appeal ("PLA") to the Illinois Supreme Court which denied Topps's petition without opinion on June 6, 2007. According to Chandler, Westlaw and records searches have revealed no such filing or order and a call to the Illinois Supreme Court Clerk's Office confirmed that Topps did not file a PLA to the Illinois Supreme Court on direct appeal.

On December 14, 2005, Topps filed a mandamus complaint in the Circuit Court of Cook County alleging that he was subject to deprivations of liberty and due process when the Clerk of the Circuit Court of Cook County and the Maywood Police Department refused a request under the Freedom of Information Act ("FOIA") for police reports and documents for his case. *See Topps*, No. 01 CR 31658 (Ex. C). Topps requested that the court order the Clerk's Office and Maywood Police to turn over the documents. *See id.* On January 10, 2006, the Circuit Court of Cook County dismissed the mandamus action for lack of jurisdiction. *See id.* (Ex. D). That judgment was affirmed by the Illinois Appellate Court on April 13, 2007. *People v. Topps*, No. 1-06-0371 (Ill. App. Ct. 2007) (Ex. E). The court explained that although Topps had served a FOIA request upon the Illinois State Police – which was granted – he had not served any FOIA requests upon either of the named respondents in the mandamus action, and thus the court lacked jurisdiction to grant relief. *See id.*

On December 5, 2007, Topps filed a post-conviction petition pursuant to 725 ILCS 5/122-1, *et seq* alleging prosecutorial misconduct and ineffective assistance of counsel (the "First Petition"). *Topps*, No. 01 CR 31658 (Ex. F). The court found that the issues raised in the petition

---

[1] According to Topps, the Illinois Appellate Court issued its ruling affirming his conviction on April 22, 2005. (*See* Petition, p. 2). This is inconsistent with the Order itself. (*See* Ex. B, p. 1).

were "frivolous" and "patently without merit" and summarily dismissed it. *Topps*, 01 CR 31658 (Ex. G, p. A-3). Topps appealed, and on October 23, 2009, the Illinois Appellate Court affirmed the lower court's judgment.[2] *People v. Topps*, No. 1-08-0213 (Ill. App. Ct. 2009) (Ex. H, p. 8). The Illinois Supreme Court denied Topps's subsequent Petition for Leave to Appeal ("PLA") on March 24, 2010. *People v. Topps*, 930 N.E.2d 341 (Ill. 2010) (Ex. I).

On June 23, 2010, Topps filed a motion for leave to file a successive post-conviction petition (the "Successive Petition"). *Topps*, No. 01 CR 31658 (Ex. J). The Circuit Court of Cook County denied leave on the basis that Topps failed to meet Illinois's cause and prejudice standard for successive post-conviction petitions. *Topps*, No. 01 CR 31658 (Ex. K). The Illinois Appellate Court affirmed the dismissal of the Successive Petition on June 30, 2011. *People v. Topps*, No. 1-10-2176 (Ill. App. Ct. 2011) (Ex. L). Topps then filed a post-conviction PLA to the Illinois Supreme Court, which was denied on November 30, 2011. *People v. Topps*, No. 112812 (Ill. 2011) (Ex. M). Topps did not petition the United States Supreme Court for a writ of certiorari following his direct appeals or the denial of his post-conviction petitions.

Four months later, on April 24, 2012, Topps filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming: (1) the state courts erred in denying his motion for leave to file a successive post-conviction petition; (2) his appellate counsel on direct appeal was ineffective for moving to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967); (3) his successive post-conviction appellate counsel was ineffective for moving to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987); and (4) that the state court erred in its ruling on his original post-conviction petition.

---

[2] According to Topps, the Illinois Appellate Court affirmed the dismissal of the First Petition on January 10, 2010. (*See* Petition, p. 3.) Here again, the Court will proceed using the date indicated on the Order itself. (*See* Ex. H, p. 1).

3

**DISCUSSION**

I. **Topps's Second and Fourth Claims are Untimely**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a one-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The statute begins to run from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* The AEDPA also provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted toward the one-year limitation period. 28 U.S.C. § 2244(d)(2).

    A. **Topps's Claim that his Appellate Counsel on Direct Appeal was Ineffective for Moving to Withdraw Pursuant to *Anders v. California* is Untimely**

Topps was convicted on January 9, 2003 and sentenced on February 25, 2003. The Illinois Appellate Court affirmed his conviction on November 22, 2004. Although Topps claims to have filed a PLA to the Illinois Supreme Court after the Illinois Appellate Court's dismissal, the record before this Court does not support that such a petition was ever filed. Topps provides no document or record indicating he filed a PLA. Furthermore, Chandler indicates in his Motion to Dismiss that Westlaw and records searches have revealed no such filing or order, and that a

call to the Illinois Supreme Court Clerk's Office confirmed that Topps has not filed a PLA to the Illinois Supreme Court on direct appeal. Topps was given an opportunity to dispute Chandler's position by filing a Reply brief and has not done so. Thus based upon the record before the Court, Topps's direct appeal proceedings came to a close upon the Illinois Appellate Court's affirmation of his conviction and sentence on November 22, 2004. From that date, Topps had twenty-one days to file a PLA or an affidavit of intent to file a PLA. Ill. Sup. Ct. R. 315(b) ("Unless a timely petition for rehearing is field in the Appellate Court, a party seeking leave to appeal must file the petition for leave in the Supreme Court within 35 days after entry of such judgment.").[1] Because Topps did not file a PLA, his conviction became final upon the expiration of the twenty-one day period – on December 13, 2004. *See, e.g., Del Valle v. Martin*, No. 10 C 5745, 2012 WL 472921, at *3 n. 4 (N.D. Ill. Feb. 9, 2012) (if petitioner does not file PLA, conviction becomes final thirty-five days following appellate court's judgment); *Jaynes v Hulick*, No. 08 CV 3980, 2009 WL 2177242, at *2 n. 1 (N.D. Ill. July 21, 2009) (finding that under the new version of Illinois Supreme Court Rule 315(b), "the limitations period can begin to run as early as thirty-five days after entry of the Appellate Court's judgment on direct appeal if a petitioner does not file a PLA"). Therefore, Pursuant to the one-year statute of limitations prescribed in § 2244, Topps had until December 13, 2005 to file a timely habeas petition asserting ineffective assistance of appellate counsel on direct appeal. Topps filed his petition

---

[1] Illinois Supreme Court Rule 315(b) has since been amended to permit filing within thirty-five days. Here, however, the Court will proceed under the version of the rule in effect in 2004. *See, e.g., Key v. Hardy*, No. 10 C 7362, 2011 WL 761555, at *1 n. 3 (N.D. Ill. Feb. 25, 2011); *Alvarez v. McCann*, No. 08 C 6375, 2009 WL 1606959, at *2 (N.D. Ill. June 9, 2009); *Carmichael v. McCann*, No. 07 C 6884, 2009 WL 35289, at *2 (N.D. Ill. Jan. 6, 2009).

5

with this Court on April 24, 2012, over six years after the limitations period expired on his claim for ineffective assistance of counsel on direct appeal.[2]

Additionally, Topps cannot claim the benefit of statutory tolling under 28 U.S.C. § 2244(d)(2) by having filed a mandamus complaint in the Circuit Court of Cook County on December 14, 2005. In order to toll the statute of limitations under § 2244(d)(2), a state court proceeding must (1) qualify as a "collateral review" proceeding and (2) be "properly filed." *See Price v. Pierce*, 617 F.3d 947, 950 (7th Cir. 2010); *Martinez v. Jones*, 556 F.3d 637, 638–39 (7th Cir. 2009). The United States Supreme Court has identified three kinds of actions that fall within "the established standards of collateral attack": (1) a claim that a proceeding violated a defendant's constitutional rights; (2) a claim that the imposed sentence fell outside statutory limits; and (3) a claim that "the proceeding was … infected with [an] error of fact or law of the 'fundamental' character that renders the entire proceeding irregular and invalid." *United States v. Addonizio*, 442 U.S. 178, 186 (1979); *see also Price*, 617 F.3d at 950 (collateral review proceedings are attacks upon the "validity of a conviction and sentence" and are "generally limited to challenges to constitutional, jurisdictional, or other fundamental violations that occurred at trial") (quoting *Graham v. Borgen*, 483 F.3d 475, 479 (7th Cir. 2007)). Although Topps's mandamus complaint alleged a deprivation of due process, it does not constitute a "collateral attack" on his conviction because even if it were successful, Topps's remedy would

---

[2] Topps's petition is dated March 31, 2012. Normally, a petitioner who is an inmate gains the benefit of the mailbox rule when filing a petition for writ of habeas corpus under § 2254. *See, e.g., Johnson v. Chandler*, No. , 2004 WL 2108407, at *2 n. 3 (citing *Jones v. Bertrand*, 171 F.3d 499, 501-02 (7th Cir. 2009)). To claim that benefit, however, the petitioner must submit a notarized statement setting forth the date he deposited his habeas petition in the institutional mail. 28 U.S.C. § 1746. Though inconsequential to the timeliness analysis here, the Court notes that Topps did not submit a notarized statement with his petition in compliance with § 1746 and therefore cannot claim the benefit of the mailbox rule. *See* Habeas Rule 3(d); *Ingram v. Jones*, 507 F.3d 640, 644-45 (7th Cir. 2007).

have been the production of documents, not release or a new trial. Such requests for information—be they pursuant to the FOIA or other authority—generally do not constitute applications for state post-conviction or other collateral review under § 2244(d)(2). *See Price*, 617 F.3d at 951–55 (holding that motion for DNA testing to prove actual innocence does not toll statute of limitations because successful motion only entitles petitioner to evidence, not release); *see also Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001) (state proceeding seeking material that might aid in challenging conviction not an "application for state postconviction or other collateral review" under § 2244(d)(2)); *Crompton v. Crosby*, No. 5:05-CV-010-SPM, 2005 WL 3527298, at *7 (N.D. Fla. Dec. 21, 2005) (petitioner's suit to obtain information from the United States Air Force pursuant to the FOIA "does not qualify as an application for 'State post-conviction or other collateral review with respect to the pertinent judgment or claim' under § 2244(d)"); *Bond v. Walsh*, No. 01-CV-0776 (JBW), 2003 WL 21499852, at *3 (E.D.N.Y. June 12, 2003) (New York Freedom of Information Law requests are not "applications for state post-conviction or other collateral review" under § 2244(d)(2) and cannot toll the federal habeas limitations period); *Sorce v. Artuz*, 73 F.Supp.2d 292, 297-98 (E.D.N.Y. 1999) (same). Accordingly, Topps's December 14, 2005 mandamus action does not entitle him to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2).

Furthermore, even if the Court were to consider Topps's mandamus complaint a "collateral attack," it was not "properly filed." State applications that are not considered on the merits but rather dismissed due to procedural flaws are not properly filed. *See Freeman v. Page*, 208 F3d 572, 576 (7th Cir. 2000) (if the state courts considered the claim on the merits, it was properly filed; if they dismissed it for procedural flaws such as untimeliness, then it is not properly filed). Here, the Circuit Court of Cook County dismissed Topps's mandamus action for

lack of jurisdiction because Topps had failed to serve any FOIA request upon either of the named respondents in the mandamus complaint. As this is a procedural ground for dismissal, Topps's mandamus action was not properly filed and would not have tolled the statute of limitations even if the Court were to construe it as a collateral attack on Topps's conviction. *See Artuz v. Bennet*, 531 U.S. 4, 9 (2000) (for purposes of § 2244(d)(2), a motion is not "properly filed" when it is filed in a court that lacks jurisdiction to hear it); *Powell v. Davis*, 415 F.3d 722, 725-27 (7th Cir. 2005) (state post-conviction petition dismissed for lack of jurisdiction did not toll statute of limitations); *see, e.g., Litschewski v. Dooley*, No. CIV. 11-4119, 2012 WL 3929901, at *4 (D.S.D. July 3, 2012) (state habeas petition dismissed for lack of jurisdiction is not "properly filed" for the purposes of the tolling provision of the AEDPA); *Smoker v. Ray*, No. CV 10-65-GF-SEH-RKS, 2010 WL 5439778, at *1 (D. Mont. Dec. 8, 2010) ("[A] state petition that is dismissed for lack of jurisdiction was not 'properly filed' in the first place and does not toll the federal limitations period under § 2244(d)(2).") (citing *Carey v. Saffold*, 536 U.S. 214, 224 (2002), and *Ramirez v. Yates*, 571 F.3d 993, 999 (9th Cir. 2009)); *Alfiero v. Warren*, No. 2:07-CV-14653, 2009 WL 3388607, at *5 n. 1 (E.D. Mich. Oct. 16, 2009) (motion filed with trial court that was dismissed for lack of jurisdiction does not toll the statute of limitations) (citing *Artuz*, 531 U.S. at 8).

Thus the statute of limitations could not have begun tolling pursuant to § 2244(d)(2) until December 5, 2007, when Topps filed for post-conviction relief in state court. By then, however, over three years of untolled time had already elapsed since the conclusion of Topps's direct review. State collateral proceedings that do not begin until after expiration of the one-year limitations period do not reset the federal clock for purposes of tolling under § 2244(d)(2). *See DeJesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (post-conviction petition merely excludes

time from the tolling period; it does not restart the period); *Escamilla v. Jungwirth*, 426 F.3d 868 (7th Cir. 2005) (finding that a state collateral proceeding after one-year statute has expired does not have an effect under § 2244(d)(2)). Therefore, Topps's petition is untimely.

Furthermore, Topps's petition for habeas relief would be untimely even if the Court were to find the mandamus action a properly filed collateral attack *and* assume the statute of limitations tolled during Topps's first post-conviction petition (the FOIA request). The Illinois Supreme Court denied Topps's post-conviction PLA on March 24, 2010. Assuming the statute of limitations had tolled through the pendency of Topps's mandamus action and post-conviction proceedings in state court, Topps had one year from the denial of his post-conviction PLA – until March 24, 2011 – to file his petition for writ of habeas corpus with this Court. Topps did not sign his federal habeas petition until April 24, 2012, twelve months after the deadline. Although Topps filed a motion for leave to file a Successive Petition for post-conviction relief on June 23, 2010, this motion did not toll the statute of limitations period for § 2254 actions because the Illinois courts denied Topps leave to file the petition due to his failure to meet the cause and prejudice standards for successive post-conviction petitions in Illinois. Seventh Circuit law could not be clearer in this regard:

> [W]e have clearly held that where state law requires pre-filing authorization — simply taking steps to fulfill this requirement does not toll the statute of limitations. Instead the second petition tolls the limitations period only if the state court grants permission to file it …. [T]he period during which a request to file a successive petition is pending in Illinois state court does not toll the statute of limitations on actions under § 2254 unless permission is granted.

*Martinez*, 556 F.3d at 638–39. Therefore, even under the most generous set of assumptions, Topps's claim for ineffective assistance of counsel on direct appeal is untimely. *See id.* at 639.

### B. Topps's Claim that the State Court Erred in its Ruling on his Original Post-conviction Petition is Untimely

Topps's claim that the state court erred in its ruling on Topps's original post-conviction petition is also untimely. Topps was aware of the factual predicate for his claim no later than March 24, 2010, the date the Illinois Supreme Court denied his PLA from the denial of his post-conviction petition. *See* 28 U.S.C. § 2244(d)(1)(D) (limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."). Because Topps's motion for leave to file a successive post-conviction petition did not toll the statute of limitations, over two years of untolled time had elapsed by the time Topps filed his federal habeas petition in April of 2012. Accordingly, Topps's claim that the state court erred in denying his original post-conviction petition is untimely.

### C. Topps's Claims are Not Subject to Equitable Tolling

Nor is Topps entitled to equitable tolling on either claim. The doctrine of equitable tolling is available to Topps if he can show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented him from timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Griffeth v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010). Topps bears the burden to show he is entitled to equitable tolling, *DiGugliemo*, 544 U.S. at 418, and the circumstances alleged by Topps must be truly extraordinary in order to warrant its application. *Tucker v. Kingston*, 538 F.3d 732 (7th Cir. 2008) (holding that limited resources or lack of legal expertise are insufficient to invoke equitable tolling; *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (refusing to apply

equitable tolling when petitioner had been placed in segregation for sixty days without access to the law library and as a result was twenty days late in filing his habeas petition); *see also Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) ("[W]e have yet to identify a circumstance that justifies equitable tolling in the collateral relief context."). In this case, Topps points to no "extraordinary circumstances" that prevented him from filing his habeas petition before the statute of limitations expired. Nor has he demonstrated that he was unable to uncover the factual bases for his claim despite diligent efforts.

Nor does the Court find equitable tolling appropriate based on an ineffective assistance of counsel. As an initial matter, ineffective assistance of counsel is generally not a valid basis for equitable tolling. *See Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999); *see also Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001) ("[A] lawyer's mistake is not an extraordinary circumstance justifying the application of equitable tolling."). In *Holland v. Florida*, 130 S.Ct. 2549, the Supreme Court clarified that a lawyer's "egregious behavior" satisfies the "extraordinary circumstances" requirement but that "garden variety" claims of excusable neglect and miscalculations about the time available for filing do not. *Id.* at 2564-64 (citing *United States v. Martin*, 408 F.3d 1089, 1096 (8th Cir. 2005) (client entitled to equitable tolling where his attorney retained files and made misleading statements), *Baldayaque v. United States*, 338 F.3d 145 (2d Cir. 2003) (tolling possible warranted that where an attorney failed to perform an essential service, to communicate with the client, and to do basic legal research), *Spitsyn v. Moore*, 345 F.3d 796, 800-02 (9th Cir. 2003) (finding that "extraordinary circumstances" may warrant tolling where lawyer denied client access to files, failed to prepare a petition, and did not respond to his client's communications), *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001) (ordering hearing as to whether client who was "effectively abandoned" by lawyer merited

tolling), and *Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 128 F.3d 1283, 1289 (9th Cir. 1997) (allowing tolling where client was prejudiced by last minute change in representation that was beyond his control)).

The circumstances of this case do not warrant the application of equitable tolling as there is no indication of ineffectiveness by petitioner's counsel in filing his post-conviction proceedings or his federal writ of habeas corpus. Instead, Topps's claim of ineffective assistance of counsel stems from the actions of his counsel during the direct appeal of his conviction.[3] *See, e.g., Coleman v. Gaetz*, No. 09 C 8008, 2010 WL 3802360, at *4 (N.D. Ill. Sept. 27, 2010) (no equitable tolling where ineffective assistance of counsel claim stemmed from the actions of petitioner's counsel at trial and on direct appeal). In any event, Topps has not demonstrated the type of "egregious conduct" that would warrant equitable tolling pursuant to *Holland*.

## II. Topps's First and Third Claims are Not Cognizable Under 28 U.S.C. § 2254

Topps's remaining claims — that the state court erred in denying Topps's motion for leave to file a successive post-conviction petition and that Topps's successive post-conviction appellate counsel was ineffective for moving to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987) — are timely filed. The Illinois Appellate Court affirmed the denial of Topps's motion for leave to file a successive post-conviction petition on November 30, 2011.[4] Topps's filed his petition for habeas relief on April 24, 2012, well within the one-year statute of

---

[3] The Court is referring only to Topps's time-barred claims. Topps's third claim alleges ineffective assistance of counsel during his successive post-conviction proceedings. However the equitable tolling analysis need not be applied to the third claim because it is timely.

[4] Topps alleges in his petition that the Illinois Supreme Court denied his PLA on January 4, 2012. (*See* Petition, p. 3.) However Topps has not attached a copy of the court's order to his petition nor does the record support his contention that the denial occurred on that date. This Court's own research confirms Chandler's position that the PLA was denied on November 30, 2011. *See People v. Topps*, 962 N.E.2d 488; (Ex. M).

limitations period. However, Topps's claims arising from his successive post-conviction proceedings fail because they are not cognizable under 28 U.S.C. § 2254.

### A. Topps's Claim that the State Courts Erred in Denying His Motion for Leave to File a Successive Post-Conviction Petition is Not Cognizable Under § 2254

Section 2254 provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws or treaties of the United States*." 28 U.S.C. 2254(a) (emphasis added). Thus "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). In this case, the Illinois state court denied Topps leave to file a successive post-conviction petition based on its determination that Topps failed to meet Illinois's cause and prejudice standard for filing a successive post-conviction petition. (Ex. K, p. A-4). 725 ILCS 5/122-1, which governs post-conviction petitions in the trial court, provides:

> Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of the court [to file successive petitions] may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process.

725 ILCS 5/122-1(f). Whether the state court erred in determining that Topps failed to meet the criteria set forth in the above statute is an issue of state law and thus not a cognizable basis for relief under § 2254. *See Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 2006) (errors in state collateral review cannot form the basis for federal habeas corpus relief) (collecting cases).

13

In addition the Supreme Court made it clear that there is no federal constitutional right to a state post-conviction proceeding:

> Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and is in fact considered to be civil in nature. It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. *States have no obligation to provide this avenue of relief.*

*Finley*, 481 U.S. at 556-67 (emphasis added) (internal citations omitted); *see also Bucaram v. Chandler*, 556 F.Supp.2d 755, 768 (N.D. Ill. 2007) (citing *Finley*, 481 U.S. at 557). As there is no federal constitutional right to a state post-conviction proceeding, it follows that there is no right to a successive post-conviction proceeding. Therefore, Topps's claim that the state courts erred in denying his successive petition is not cognizable under § 2254.[5]

### B. Topps's Claim that his Successive Post-Conviction Appellate Counsel was Ineffective for Moving to Withdraw Pursuant to *Pennsylvania v. Finley* is Not Cognizable Under § 2254

Similarly, Topps's claim that his successive post-conviction appellate counsel was ineffective for moving to withdraw pursuant to *Pennsylvania v. Finley* is not cognizable under Section 2254. "Given that a criminal defendant has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review, it would defy logic … to hold that [a petitioner] ha[s] a right to appeal a state collateral determination of his claims of trial error." *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the United States Supreme Court recognized that its previous ruling in *Coleman* "left open" the question of whether a prisoner has a right to effective counsel in so-called "initial-review collateral proceedings" – proceedings "which provide the first occasion to raise a claim of ineffective

---

[5] Had Topps's Fourth claim – that the state court erred in denying his post-conviction petition – been timely, it would have failed as not cognizable for the same reason.

14

assistance of counsel." *Id.* at 1315. The *Martinez* Court recognized a "narrow exception" to "the constitutional rule that there is no right to counsel in collateral proceedings," holding that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel. *Id.* The Court reasoned that "[w]hen an attorney errs in initial-review collateral proceedings, it is likely that no state court at any level will hear the prisoner's claims" and thus such collateral proceedings are "in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance [of counsel] claim." *Id.* at 1316-17. However, the *Martinez* Court made clear that its holding did not overturn *Coleman*, nor did it expand the availability of relief for ineffective assistance of counsel in post-conviction proceedings beyond initial-review collateral proceedings. *See id.* at 1319-20 (explaining that "*Coleman* held that an attorney's negligence in a postconviction proceeding does not establish cause, and this remains true except as to initial-review collateral proceedings for claims of ineffective assistance of counsel at trial" and noting that "[t]he rule of *Coleman* governs in all but the limited circumstances recognized here"). The Court went on to state explicitly that its "holding … [did] not concern attorney errors in other kinds of proceedings, including appeals from initial[review collateral proceedings, *second or successive collateral proceedings*, and petitions for discretionary review in a State's appellate courts." *Id.* (citing *Coleman*, 501 U.S. at 754, and *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

In this case, the proceedings for which Topps alleges his counsel was ineffective were not "initial-review collateral proceedings" but rather successive post-conviction appellate proceedings. Therefore, the general rule set forth in *Coleman* and *Finley* applies and the "narrow exception" articulated in *Martinez* does not. Topps did not have a right to counsel in his successive post-conviction appeal. *See Finley*, 481 U.S. at 555 ("Our cases establish that the

15

right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals."); *see also Bucaram*, 566 F.Supp.2d at 768 ("As the Supreme Court has already ruled, because states have no obligation to provide post-conviction proceedings, litigants who choose to collaterally attack their conviction through post-conviction proceedings have no right to counsel during those proceedings."). "And where there is no constitutional right to counsel, there cannot be constitutionally ineffective assistance of counsel." *Wyatt v. United States*, 754 F.3d 455, 459 (7th Cir. 2009) (citing *Coleman*, 451 U.S. at 752 (holding that because there is no constitutional right to counsel in state post-conviction proceedings, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings"), *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (concluding that because petitioner had no constitutional right to counsel in pursuing state supreme court review, petitioner "could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely"), and *Wilson v. United States*, 413 F.3d 685, 687 (7th Cir. 2005) ("Because the sixth amendment does not guarantee quality (or any) counsel in post-conviction proceedings, the doctrine of ineffective assistance does not apply and lawyers' errors do not support relief.")). Accordingly, Topps's claim that his successive post-conviction appellate counsel was ineffective for moving to withdraw pursuant to *Pennsylvania v. Finley* is not cognizable under Section 2254.

### III. Certificate of Appealability

Unless the Court issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A). "Only if the applicant has made a substantial showing of the denial of a constitutional right" can the Court

issue the certificate. 28 U.S.C. § 2253(c)(2). Where, as here, the Court dismisses a petition on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 485 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* at 484. Here, it is indisputable that Munoz's habeas petition is time-barred. Therefore, no reasonable jurist could conclude that the Court has erred in dismissing the petition. Accordingly, the Court denies Munoz a certificate of appealability.

## CONCLUSION

For the reasons set forth above, the Court grants Chandler's Motion to Dismiss Topps's Petition for Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C. §2244(d). The Court dismisses Topps's petition with prejudice and denies Topps a certificate of appealability.

Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: March 26, 2013

17